# In the United States Court of Federal Claims

No. 09-112 C
(Filed: November 28, 2012)

```
************************************
ATKINS NORTH AMERICA, INC.,          *
                                     *
            Plaintiff/Counterdefendant,  *
                                     *
 and                                 *
                                     *
MACTEC ENGINEERING AND               *
CONSULTING, INC.,                    *
                                     *
            Counterdefendant,        *
                                     *
 v.                                  *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant/Counterclaimant.  *
************************************
```

## RULING ON MOTION TO CERTIFY AN INTERLOCUTORY APPEAL

On September 25, 2012, Atkins North America, Inc. ("Atkins") and MACTEC Engineering and Consulting, Inc. ("MACTEC"), moved for certification of an interlocutory appeal with respect to the court's August 30, 2012 Opinion and Order. In its opinion, the court ruled that the undisputed facts demonstrated that Griselle Gonzalez's March 28, 2008 decision was a valid contracting officer's decision under the Contract Disputes Act of 1978 ("CDA"), the Federal Acquisition Regulation ("FAR"), and the Engineer Federal Acquisition Regulation Supplement ("EFARS"). Atkins and MACTEC seek to appeal the court's ruling to clarify "the standard to be applied in determining whether a contracting officer exercised independent judgment in rendering a decision."

At its discretion, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") may entertain an appeal from an interlocutory order if the order includes "a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(d)(2). Thus, for Atkins and MACTEC to succeed in their motion, they must establish that there is a controlling legal issue, that there is a substantial ground for a difference of opinion on the controlling legal issue, and that the termination of the litigation might be materially advanced by an immediate appeal.

On the first element, defendant concedes that there is a controlling issue of law, but the parties disagree as to how the controlling legal issue should be framed. Atkins and MACTEC aver that the controlling legal issue is what standard a court must apply to determine whether a contracting officer exercised independent judgment. Defendant asserts that the controlling legal issue is whether the contracting officer issued a valid decision. Neither party's framing of the controlling legal issue is sufficiently precise because they fail to take into consideration the applicable regulations issued by the United States Army Corps of Engineers ("Corps"), i.e., the EFARS. Thus, based on the circumstances of this case, the controlling legal issue is more properly framed as: pursuant to the CDA, FAR, and EFARS, what are the factors a court must apply to determine whether a contracting officer exercised independent judgment in issuing a decision on a contractor's claim?

In addition to conceding the existence of a controlling issue of law, defendant concedes that an immediate appeal might materially advance the termination of this case. Because a successful appeal would result in the dismissal of the case for lack of jurisdiction, the court agrees.

The only issue in dispute, then, is whether there is a substantial ground for a difference of opinion concerning the controlling legal issue. A substantial ground may exist when there is a split among the federal circuit courts or within the United States Court of Federal Claims ("Court of Federal Claims"). See Marriott Int'l Resorts, L.P. v. United States, 122 F. App'x 490, 491 (Fed. Cir. 2005) (unpublished order). There is no such split on the controlling legal issue in this case.

In its August 30, 2012 Opinion and Order, the court concluded that there was no decision directly on point on the controlling legal issue. Neither the primary decision relied upon by Atkins and MACTEC–Fireman's Fund Insurance Co. v. United States, 92 Fed. Cl. 598 (2010)–nor the primary decision relied upon by defendant–Pacific Architects & Engineers Inc. v. United States, 491 F.2d 734 (Ct. Cl. 1974)–specified what factors a court must consider under the CDA, FAR, and EFARS in analyzing whether a contracting officer exercised his or her independent judgment in issuing a decision on a contractor's claim. Although Fireman's Fund Insurance Co. concerned a contract with the Corps, the court in that case did not address the requirements of the EFARS in determining whether the contracting officer had exercised independent judgment. Moreover, Fireman's Fund Insurance Co. is merely persuasive, not binding precedent. And, while Pacific Architects & Engineers Inc. is binding on this court,[1] it

---

[1] Atkins and MACTEC assert that the decision in Pacific Architects & Engineers Inc., is not binding precedent. In their reply brief, they state:

In 1974, when the Pacific Architects decision was rendered, trial judges did not have authority to enter legal decisions, but only to make recommendations for conclusions of law. Therefore, much like magistrate recommendations in the

merely specified that a contracting officer could obtain, agree with, and rely on the views of others. It did not set forth a specific, detailed test for determining independent judgment or address the specific requirements of the EFARS. The reason for omitting such a test is clear–as a general rule, cases that concern the validity of a contracting officer's decision are fact-intensive and case-specific, and therefore a rigid formula is not practicable.

Because the court could locate no precedent–binding or persuasive–that specified precisely how to determine whether a contracting officer exercised independent judgment in circumstances governed by the CDA, FAR, and EFARS, it determined that its analysis must be derived from the express terms of the regulations implementing the CDA. Specifically, the court noted:

> Under the CDA, the contracting officer, not some other official, is required to issue the contracting officer's decision. However, as noted in the legislative history of the CDA, "practicability dictates that the extent to which the contracting officer relies on his own judgment or abides by the advice or determination of others is dependent on a variety of factors, including the officer's personal knowledge, capability, and executive qualities, as well as the nature of the particular procurement." S. Rep. No. 95-1118, at 21. In an acknowledgment that contracting officers may not have the personal knowledge or capability to make certain determinations, the FAR requires them to secure assistance from the pertinent advisors; in other words, to request and consider the advice of accountants, attorneys, engineers, and other specialists. The Corps implements the requirements of the CDA and the FAR by specifying that a contracting officer's decision must be drafted by counsel with technical assistance from appropriate staff members, and that before the contracting officer issues the decision, she should familiarize herself with the facts and proposed conclusions in

---

> United States district courts today, trial judge recommendations were required to be adopted by judges before becoming effective. The three judge panel that ratified the trial judge's decision in Pacific Architects was not sitting in its appellate jurisdiction, and thus its decision is not precedent of the Federal Circuit, but rather of this Court.

Reply 4 n.1. Atkins and MACTEC offer no legal authority to support their argument. Indeed, when the Federal Circuit issued its first ruling in 1982, it expressly held that all of the holdings of the United States Court of Claims ("Court of Claims") constituted precedent that bound it in future rulings. South Corp. v. United States, 690 F.2d 1368, 1370-71 (Fed. Cir. 1982) (en banc). It did not distinguish between decisions in which the Court of Claims sat as three-judge panels and decisions in which the court sat en banc, nor has it made such a distinction since that time. See Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006) ("There can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, our court, and our predecessor court, the Court of Claims.").

> the decision and either adopt the facts and conclusions as her own or make appropriate changes.

Op. & Order 16-17. A review of the relevant case law revealed that the determination of the manner by which a contracting officer becomes familiar with the facts and conclusions in a contracting officer's decision depends on the circumstances of the case. In other words, there is no "rigid test" or "one-size-fits-all approach" for that determination. Id. at 18. The court therefore concluded that so long as the particular circumstances of this case reflected that Ms. Gonzalez became "familiar with the facts and conclusions contained in the draft contracting officer's decision," that decision was "her product and reflected her independent judgment." Id.; see also id. at 17 ("If the contracting officer complies with the requirements of the FAR and the EFARS in issuing a decision, then the decision represents the contracting officer's independent judgment.").

The court's conclusion that the familiarization inquiry is dependent on the particular facts of a given case does not conflict with other decisions issued by the Court of Federal Claims. Indeed, in no decision has the Court of Federal Claims articulated a precise test for determining a contracting officer's familiarity with the facts and conclusions in a contracting officer's decision. Rather, in each case where the issue was considered, the court's analysis focused on the particular facts of the case. Further, there is no evidence of a circuit split related to the familiarization inquiry. Accordingly, there is no substantial ground for a difference of opinion concerning the controlling legal issue in this case.

For the foregoing reasons, the court **DENIES** the motion to certify an interlocutory appeal.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

-4-